# United States District Court

__NORTHERN__ DISTRICT OF __TEXAS__

UNITED STATES OF AMERICA
v.
PRINCE CHIEMELE NWANKUDU

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
DEC 1 5 2011
CLERK, U.S. DISTRICT COURT
by_____
Deputy

CRIMINAL COMPLAINT

CASE NUMBER: 3:11-MJ-591-BK

I, Jeff Cotner, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about December 5, 2007, in Dallas County, in the Northern District of Texas, defendant did,

> for the purpose of executing and attempting to execute a scheme and artifice to defraud as described in the attached Affidavit of Special Agent Jeff Cotner, and to obtain money by means of false and fraudulent pretenses, representations, and promises, with the specific intent to defraud, did knowingly cause to be delivered by private commercial interstate carriers, according to the directions thereon, an envelope containing loan documents relating to the purchase of residential property located at 2904 Fairway Drive, Cedar Hill, Texas, from LandAmerica Commonwealth Title of Dallas, Inc. in Dallas, Texas, to CitiMortgage in O'Fallon, Missouri,

In violation of 18 U.S.C. § 1341.

I further state that I am a Special Agent with the Federal Bureau of Investigation and that this complaint is based on the following facts:

See attached Affidavit of Special Agent Jeff Cotner, Federal Bureau of Investigation, which is incorporated and made a part hereof by reference.

Continued on the attached sheet and made a part hereof:   X Yes     No

_____
Signature of Complainant
Special Agent Jeff Cotner
Federal Bureau of Investigation

Sworn to before me and subscribed in my presence, on December 15th, 2011, at Dallas, Texas.

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE
Name & Title of Judicial Officer

_____
Signature of Judicial Officer

## AFFIDAVIT

I, Special Agent Jeff Cotner, do hereby depose and state as follows:

1. I have been employed as a Special Agent of the Federal Bureau of Investigation (FBI) for approximately five years. I have been stationed at the Dallas Division since June 2010, where I have been assigned to investigate violations of federal statutes, to include financial crimes. During the course of my duties, I have investigated bank fraud, securities fraud and primarily mortgage fraud.

2. The statements contained in this affidavit are based on my experience and background as a Special Agent and on information provided by other agents and law enforcement officers. Since this affidavit is submitted only for the limited purpose of securing a criminal complaint, I have not set forth each and every fact known to me concerning this investigation. I have included facts sufficient to establish probable cause for the complaint sought.

3. This affidavit is submitted to show that there is probable cause to believe that Prince Chiemele Nwankudu ("Nwankudu") has committed the offense of mail fraud in violation of 18 U.S.C. § 1341. Specifically, Nwankudu facilitated a fraudulent mortgage loan in the name of Ezell Brown to purchase 2904 Fairway Drive in Cedar Hill, Texas, by causing material misrepresentations to be made on the HUD-1 Settlement Statement, the loan applications, and a verification of deposit.

4. In March 2006, Ezell Brown's house in Grand Prairie, Texas, burned down. Brown recovered approximately $15,000 in homeowner's insurance proceeds, but needed additional financing to rebuild his house. Brown ultimately was introduced to

Nwankudu, who was the owner of Melax Mortgage, a mortgage brokerage located in Dallas, Texas.

5. About one year later, in March 2007, Brown provided Nwankudu with a handwritten, signed loan application for Brown to obtain financing to assist in the rebuild of his house in Grand Prairie. The handwritten, signed loan application stated that Brown was a retired member of the United States Army making approximately $1,000 per month. The handwritten application also stated that Brown had approximately $14,000 in assets, including two bank accounts and a vehicle.

6. On or about December 5, 2007, Nwankudu caused a loan application to be submitted to CitiMortgage, Inc. in Brown's name for the purchase of 2904 Fairway Drive in Cedar Hill, Texas. The loan application contained several material misstatements. First, Brown's intention was to obtain a loan to rebuild his home in Grand Prairie. Brown did not have any intention of occupying 2904 Fairway Drive, a 4,085 square foot home in the up-scale Lake Ridge neighborhood of Cedar Hill as his primary residence.

7. Second, the loan application stated that Brown was employed by C&B Financial Services and that he earned $20,200 per month working there. Neither statement was true. Similarly, the loan application stated that Brown received $418 per month in rental income for his Grand Prairie home, but as noted above, the Grand Prairie home had burned down and Brown did not rent the home for any amount of money.

8. Third, the loan application identified a bank account at Compass Bank and stated that it had a cash balance exceeding $125,000. Although Brown had an account at Compass Bank (which was opened at Nwankudu's direction), the account never had

anywhere near $125,000 in it. Moreover, in an attempt to corroborate the false statement on the loan application, Nwankudu obtained a signed verification of deposit from a branch manager at Compass Bank purporting to validate that Brown's account had a cash balance exceeding $125,000.

9. Nwankudu also assisted Brown in fraudulently representing the source of the funds from the borrower. Line 303 of the HUD-1 Settlement Statement represents the borrower's down payment on the property. The HUD-1 submitted to CitiMortgage represented that Brown was contributing $71,467.93 to the purchase of the property at closing. In fact, Nwankudu, with the assistance of two co-conspirators, provided Brown with the money necessary to obtain a check in the amount of $71,467.93.

10. Nwankudu benefitted financially from Brown's purchase of the property in several ways. First, Nwankudu received $17,230.50 in commissions from serving as the mortgage broker and $16,500 for serving as the Realtor. Second, Nwankudu caused two bogus invoices to be submitted to the title company for "upgrades" to the property. One invoice was from Puzmax America Corporation for $94,949.36. As a result of the invoice, the title company wired $94,949.36 to Puzmax's bank account at closing. Puzmax America is a company/bank account controlled by one of the co-conspirators who assisted Nwankudu in obtaining the borrower's down payment money. Shortly after closing, the co-conspirator wired $37,500 into Nwankudu's account. No upgrades were ever performed on the property.

11. As a result of the false statements on the loan application, CitiMortgage, Inc. approved a $630,000 mortgage loan for Brown's purchase of 2904 Fairway Drive in

Cedar Hill, Texas. The closing occurred at LandAmerica Title Co. in Dallas, Texas. After closing, as per the requirements of the lender and as common in the mortgage industry, LandAmerica mailed the closing documents to CitiMortgage via Federal Express.

12. Based upon the foregoing facts and information, I submit there is probable cause to believe that Nwankudu did commit the offense of mail fraud, that is, with the specific intent to defraud, for the purpose of executing and attempting to execute the aforesaid scheme and artifice to defraud, and to obtain money by means of false and fraudulent pretenses, representations, and promises, did knowingly cause to be delivered by private commercial interstate carriers, according to the directions thereon, an envelope containing loan documents relating to the purchase of residential property located at 2904 Fairway Drive, Cedar Hill, Texas, from LandAmerica Commonwealth Title of Dallas, Inc. in Dallas, Texas, to CitiMortgage in O'Fallon, Missouri, in violation of 18 U.S.C. § 1341.

_____
JEFF COTNER
SPECIAL AGENT
FEDERAL BUREAU OF INVESTIGATION

Subscribed to and sworn before me on this 15th day of December 2011.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE